**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


ROYAL  CHEMICAL CORPORATION                         CIVIL ACTION

VERSUS                                              NO.  06-7244

WEEDA PROTECTIVE B.V.,  ET AL                       SECTION  "T"

<u>**ORDER AND REASONS**</u>

Currently before the Court are Plaintiff's Ex Parte Motion for Entry of Default Judgment (Rec. Doc. 15) and a Motion to Set Aside the Entry of Default filed by Defendants, Weeda Protective B.V., Weeda International Holding, B.V., Henry Weeda and Marjolein Weeda-van Oosten.  (Rec. Doc. 17)  Plaintiff, Royal Chemical Corporation filed an Opposition to Defendants' Motion.  (Rec. Doc. 23)  The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.       BACKGROUND**

This litigation arises out of the Defendants alleged failure to pay invoices due to Plaintiff for shipping marine coating products to Defendants.  *See* Plaintiff's Complaint, ¶ 5, 6.  The action was filed October 4, 2006.  On February 15, 2007, Weeda Protective B.V. was served

with the complaint.  Proof of service on the remaining defendants was filed with the Court on June 22, 2007.  Defendants filed a Motion for Extension of Time to Plead on June 8, 2007 (Rec. Doc. 10) which was granted June 14, 2007.  (Rec. Doc. 12).  Responsive pleadings were due July 5, 2007.

Defense counsel alleges that they were not able to finalize responsive pleadings by July 5, 2007 due to the Defendants being located in the Netherlands.  *See* Defendants' Memorandum in Support, p. 1-2.  Defense counsel then contacted Plaintiff's counsel and requested an informal extension which was granted.  *Id.,* p. 2.  When no responsive pleadings were filed by July 19, 2007, at 2:27 pm on that date Plaintiff filed an Ex Parte Motion for Default.  Defendants filed their responsive pleadings two hours later and the next day filed their Motion to Set Aside Default.

## II.   ARGUMENTS  BY THE PARTIES

Defendants argue that the Motion for Entry of Default should be denied or alternatively, the default set aside because: (1) there is no evidence that the default was willful; (2) setting aside the default would not prejudice Plaintiff; (3) they have a number of meritorious defenses to the claims raised by Plaintiff; and (4) they have acted expeditiously in correcting the default.  *Id.*, p. 2, 3.

Plaintiff responds that Defendants' failure to timely file responsive pleadings was willful and therefore, the Court should enter an entry of default and deny Defendants' Motion.  In support of its wilfulness argument, Plaintiff lists the following chronology of events: (1) a demand letter was sent on May 17, 2006, demanding payment for the outstanding invoices

in the amount of $203, 470.00; (2) on October 4, 2006, after no response was received, suit was

filed; (3) on November 17, 2007, Plaintiff filed a First Amended Complaint adding as defendants

Weeda Protective, B.V., Weeda International Holding, B.V. Hendrik Cornelis Weeda and

Marjolein Weeda-van Oosten; (4) proof of International Service was submitted to the Court

on February 26, 2007 showing service under the Hague Convention on December 7, 2006 of the

original complaint and service on February 15, 2007 of the First Amended Complaint;

(5) plaintiff's counsel contacted defense counsel on February 27, 2007, and was advised that "he

might be representing the Defendants."  At that time all of the aforementioned documents were

provided to defense counsel; (6) on April 27, 2007, Judge Engelhardt requested Plaintiff show

cause as to why the Defendants were not served.  After making the appropriate showing, the

Court's show cause order was deemed satisfied on May 18, 2007; and (7) defendants filed a

Motion for Extension, which was granted giving them to July 5, 2007 to file responsive

pleadings.  Counsel for the Defendants advised Plaintiff's counsel that an answer would be filed

by July 13, 2007.  Since no responsive pleadings were filed by July 19, 2007, Plaintiff filed a

Motion and Order for Entry of Default.  On the same day Plaintiff's Motion and Order were

filed, Defendants filed their responsive pleadings.

     Plaintiff argues that the aforementioned facts and history show that the Defendants

failure to answer was willful.  Further, Plaintiff argues that Defendants have not demonstrated

they have a meritorious defense.  Plaintiff's Opposition, p. 3-4.

## III.   LAW AND ANALYSIS

     Initially, the Court points out that neither an entry of default nor a default judgment have

been entered pursuant to Federal Rule of Civil Procedure 55(a)-(b).  Accordingly, the Court must first decide whether entry of default is warranted before getting to whether a default judgment should be entered under Rule 55(b) and whether such judgment should be set aside under Rule 55(c).  10A Fed. Prac. & Proc. Civ.3d § 2682

An entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise."  Fed.R.Civ.P. 55(a).  In order to obtain a judgment of default, a plaintiff may apply to the clerk of the court or to the Court itself.  Fed.R.Civ.P. 55(b).

The United States Fifth Circuit case law is clear that default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant failed to meet a procedural time requirement."  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.2000); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).  *See also Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.  Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").

The Fifth Circuit has pointed to six factors for a district court to consider in deciding whether to grant a default judgment pursuant to Rule 55(b):(1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the

harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default

judgment are clearly established; and (6) if the court would think it was obligated to set aside the

default on the defendant's motion.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).

The district court has discretion to decline to enter a default judgment.  *Lindsey*, 161 F. 3d at

893.  This element of discretion makes it clear that the party making the request is not entitled to

a default judgment as of right, even when defendant is technically in default and that fact has

been noted under Rule 55(a).  10A Fed. Prac. & Proc. Civ.3d § 2685

     At the time the Plaintiff filed its Ex Parte Motion and Order for Entry of Default pursuant

to Federal Rule of Procedure 55(a), Defendants were technically in default because they failed to

file responsive pleadings.  Accordingly, an entry of default could have been entered.  However,

Plaintiff would still have had to move for judgment of default in accordance with Federal Rule of

Civil Procedure 55(b).  Thus, the Court first looks at whether, based upon the facts and record

before it, a default judgment should have been entered in this case.  Because none of the factors

supplied by the United States Fifth Circuit for entry of default judgment are present, the Court

denies Plaintiff's Motion.

     First, the Court disagrees with Plaintiff's argument that Defendants failure to respond

was willful.  The evidence presented showed that Defendants filed responsive pleadings within

two hours of Plaintiff's Motion for Entry of Default.  Further, counsel for Defendants filed a

Motion for Extension of Time when it appeared that they could not get responsive pleadings

filed timely.  Additionally, they requested informal extensions from Plaintiff's counsel.  It is

apparent the delays in responding, which were communicated to Plaintiff's counsel, arose out of

defense counsel's difficulties in communicating with his international clients. *See* Defendants'
Memorandum in Support, p. 3.  The fact that Plaintiff sent a demand letter, filed suit and served
the Defendants by February 15, 2007 has no bearing on defense counsel's willfulness as counsel
did not know as of February 27, 2007 whether he would be representing the Defendants. *See*
Plaintiff's Opposition, p. 2.  Accordingly, the Court finds that the delay in responding was not
willful.

Plaintiff's brief does delve into how it sustained "substantial prejudice"; rather, Plaintiff
focuses on the alleged "willfulness" of the Defendants.  While Plaintiff may have sustained a
delay in the prosecution of its suit, the Court finds that the Plaintiff has not incurred substantial
prejudice by the failure of the Defendants to respond.  This is an action to collect on past due
debts; debts which, presumably, continue to collect interest while they remain unpaid.  Thus,
Plaintiffs are facing a potentially larger pot of money than when they first filed this suit.  Such
delay cannot be counted as prejudicial.  Therefore, the Court finds that this prong has not been
met.

Additionally, default would be harsh considering the amount of money involved and that
Defendants have responded to the Complaint as well as presented a counter-claim alleging the
products supplied by Plaintiff were defective or substandard.  Clearly, there are material issues
of fact in dispute between the parties as to the debt incurred and the fitness of the products.
Finally, as laid out herein, the grounds for a default judgment are not clearly established and
even if an entry of default had been entered, given the facts in this matter, the Court opines it
would have been obligated to set aside the default.  Accordingly, the Court **DENIES** Plaintiff's

Ex Parte Motion for Entry of Default (Rec. Doc. 15).  In light of the denial of the Motion for

Entry of Default, the Court renders Defendants' Motion to Set Aside Default (Rec. Doc. 17)

**MOOT**.

       **IT IS ORDERED** that Plaintiff's Ex Parte Motion for Entry of Default (Rec. Doc. 15) is

**DENIED.**

       **IT IS FURTHER ORDERED** that  Defendants' Motion to Set Aside Default (Rec. Doc.

17) is **MOOT**.


      New Orleans, Louisiana, 7th day of September, 2007

              **G. THOMAS PORTEOUS, JR.**
           **UNITED STATES DISTRICT JUDGE**